# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISTOPHER D. BIGELOW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-11-1165-M ) |
| SUMMIT LAND CORPORATION, et al., | ) ) |
| Defendants. | ) |

## ORDER

This case is scheduled for trial on the Court's March 2013 trial docket.

Before the Court is plaintiff's Motion for Partial Summary Judgment, filed October 1, 2012. On October 23, 2012, defendants filed their response, and on October 29, 2012, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction[1]

On March 7, 2011, plaintiff executed an application for employment to work for defendants at Parkview Apartments. As part of his application, plaintiff signed an authorization for defendants to obtain a credit report. Additionally, part of plaintiff's employment benefit package with Parkview Apartments was a rent-free provision of an on-site apartment for him to reside in during his employment.

On or about June 1, 2011, plaintiff's employment with defendants Summit Land Corporation and Parkview Apartments was terminated. According to defendants, plaintiff resided in Parkview Apartments until June 15, 2011. Defendants assert that, from his termination to June 15, 2011, plaintiff repeatedly requested to stay on the premises as a paying tenant. On June 15, 2011,

---

[1] The facts in this introduction are set forth in the light most favorable to defendants.

defendant Shanna Riedel ("Riedel") requested a credit report for plaintiff from Reliable Background Screening.

On June 29, 2011, the Oklahoma Employment Security Commission ("OESC") notified Riedel that Robert Caldwell ("Caldwell"), another terminated employee of Parkview Apartments, was appealing an initial denial of unemployment benefits. According to defendants, on July 13, 2011, Riedel received a copy of a letter plaintiff submitted to the OESC in support of Caldwell's appeal of his denied unemployment benefits. On or about July 22, 2011, Riedel provided the Oklahoma Employment Security Commission a copy of plaintiff's credit report in relation to Robert Caldwell's application for unemployment.

Subsequently, on October 18, 2011, plaintiff filed his complaint alleging, *inter alia*, invasion of privacy and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b ("FCRA"). Plaintiff now moves for partial summary judgment as to his invasion of privacy claim and FCRA claim.

II.   Summary Judgment

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden

of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

   A.   FCRA

Plaintiff moves for summary judgment as to his FCRA claim because defendants had no permissible purpose for obtaining plaintiff's consumer report. Defendants contend that they obtained plaintiff's consumer report for a legitimate business need when plaintiff requested to stay on the premises.

Congress enacted the FCRA, in part, to protect consumer privacy by limiting the furnishing of consumer credit reports to certain statutorily enumerated purposes. *See TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). Specifically, "15 U.S.C. § 1681b sets forth an exclusive list of permissible purposes for which a consumer credit report may be obtained." *Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir. 1987). Pursuant to Section 1681b(3)(F)(i), a consumer report may be furnished to a person which the consumer agency has reason to believe has "a legitimate business need for the information[] in connection with a business transaction that is initiated by the consumer."

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to defendants and viewing all reasonable inferences in defendants' favor, the Court finds a genuine issue as to whether defendants obtained plaintiff's consumer report for a permissible

purpose under the FCRA. Based upon the evidence defendants presented as to whether plaintiff repeatedly requested to stay on the premises as a paying tenant after his termination, a rational jury could infer that defendants had a legitimate business need for the information in connection with a business transaction that was initiated by plaintiff.

Accordingly, the Court finds that plaintiff is not entitled to summary judgment as to his FCRA claim.

    B.    <u>Invasion of Privacy</u>

Plaintiff asserts that he is entitled to summary judgment for invasion of privacy based upon defendants' dissemination of plaintiff's consumer report to the OESC. Defendants contend that they did not invade plaintiff's privacy because defendants were permitted to submit plaintiff's consumer report for Caldwell's OESC appeal.

Oklahoma has recognized the tort of invasion of privacy as set forth in the Restatement (Second) of Torts § 652E (1977). *Colbert v. World Publ'g Co.*, 747 P.2d 286, 290 (Okla. 1987); *McCormack v. Okla. Publ'g Co.*, 613 P.2d 737, 740 (Okla. 1980). Therefore, under Oklahoma law, "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *McCormack*, 613 P.2d at 740.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to defendants and viewing all reasonable inferences in defendants' favor, the Court finds that a rational jury could find in favor of defendants as to plaintiff's invasion of privacy claim. Specifically, a rational jury could find that defendants' dissemination of plaintiff's consumer report

to the OESC for Caldwell's appeal was not highly offensive to a reasonable person. Furthermore, as defendants assert, Caldwell was the only third party to view plaintiff's consumer report.

Accordingly, the Court finds that plaintiff is not entitled to summary judgment as to his invasion of privacy claim.[2]

IV. Conclusion

Accordingly, the Court DENIES plaintiff's Motion for Partial Summary Judgment [docket no. 21].

**IT IS SO ORDERED this 9th day of January, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In plaintiff's reply, plaintiff asserts that defendants' dissemination of plaintiff's consumer report to the OESC required defendants to provide plaintiff notice of their adverse action. While plaintiff cited in his initial motion the FCRA provision that requires a user of a consumer report to provide notice for an adverse action, plaintiff first raises his failure to provide notice argument in his reply. Therefore, the Court will not consider said argument as it was first raised in plaintiff's reply. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000).